OPINION
Defendant-appellant Gregory J. Carr appeals his convictions and sentences entered by the Lancaster Municipal Court for violations of a Bloom Township zoning resolution. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE CASE AND FACTS
Appellant owns property located at 839 Rockmill Road, Bloom Township, Fairfield County, Ohio. The property consists of over ten acres. A barn and fence are the only structures on the property.
On September 12, 1997, the Bloom Township Zoning Inspector visited appellant's property and noted several violations. The inspector returned to the property on September 24, 1997, and determined the violations had not been corrected. The inspector served appellant with three notices of violation relating to the outdoor storage of junk. The notices allowed appellant to comply with the zoning ordinance by removing the junk by October 3, 1997. Appellant did not comply. On March 3, 1998, appellee filed three misdemeanor charges against appellant for violating the zoning ordinance.
The matter proceeded to trial on May 20, 1998. After presentation of evidence, the trial court found appellant guilty of all three counts and imposed a fine on each count. It is from his convictions and sentences on those charges appellant prosecutes this appeal, assigning as error:
 THE FAIRFIELD COUNTY MUNICIPAL COURT ERRED IN RULING THAT APPELLANT GREGORY J. CARR VIOLATED SECTION 808.6 OF THE BLOOM TOWNSHIP ZONING RESOLUTIONS.
Herein, appellant argues pursuant to R.C. 519.21(A), a township cannot prohibit use of any land used for agricultural purposes nor prohibit the construction or use of buildings or structures incident to its use for agricultural purposes. Appellant asserts he uses the property strictly for agricultural purposes, including animal husbandry, specifically, the care and keeping of horses. Accordingly, appellant argues his property is exempt from the zoning resolutions of Bloom Township.
Appellant's argument is premised upon a determination his property was, in fact, used for agricultural purposes at the time of the alleged violations. Such determination is for the trier of fact. State v. Huffman (1969), 20 Ohio App.2d 263.
App.R. 9(B) provides, in pertinent part:
 If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, he shall include in the record a transcript of all evidence relative to such findings or conclusion . . .
The duty to provide a transcript for appellate review falls upon appellant. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has choice but to presume the validity of the lower courts proceedings, and affirm." Knapp v. EdwardsLab. (1980), 61 Ohio St.2d 197, 199.
Appellant has not provided this Court with the trial transcript. We find the transcript is necessary to determine whether the evidence established appellant's property was used for agricultural purposes. Accordingly, pursuant to Knapp, supra, we overrule appellant's sole assignment of error.
The judgment of the Lancaster Municipal Court is affirmed.
By: Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Lancaster Municipal Court is affirmed. Costs assessed to appellant.